UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES E. STOKES,

                Petitioner,

   -against-                                 9:23-CV-0813 (LEK/ATB)

DENISHA GOODMAN,

                Respondent.

## MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

Petitioner James E. Stokes seeks federal habeas relief pursuant to 28 U.S.C. § 2254. See Dkt. No. 1 ("Petition"). For the reasons outlined below, the Petition is referred to the Second Circuit for a determination as to whether it constitutes a second or successive petition within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

**II.  BACKGROUND**

Petitioner appears to challenge his state court conviction on the basis that the Albany County Court improperly denied his motion to vacate. See Pet. at 1, 4. Petitioner argues that he is entitled to federal habeas relief because the People conceded to a Brady[1] violation "when they did not answer [his motion to vacate] in County Court." Id. at 5. Petitioner has previously filed a habeas petition in the Northern District of New York challenging the same conviction. See Stokes v. Capra, No. 19-CV-0149 ("Stokes I"), Dkt. No. 1.

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

**III.    DISCUSSION**

AEDPA restricts the ability of petitioners to file second or successive petitions. See 28 U.S.C. § 2244(a) ("No . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"). "A petition is second or successive if a prior petition raising claims regarding the same conviction or sentence has been decided on the merits." Quezada v. Smith, 624 F.3d 514, 517–18 (2d Cir. 2010) (internal quotation marks and citations omitted); see also Adams v. Corcoran, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA." (internal quotation marks omitted)).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without the petitioner receiving permission from the appropriate Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam); Torres v. Senkowski, 316 F.3d 147, 149, 151–52 (2d Cir. 2003). If permission is granted, the appropriate Court of Appeals will issue an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(3); see also N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, Petitioner is challenging the same conviction that he previously challenged in his prior habeas action. Compare Pet. at 1–3, with Stokes I, Dkt. No. 1; see also Stokes I, Dkt. No. 17 ("June Order") at 2–5. Furthermore, the prior petition in Stokes I was dismissed on the merits.

2

See June Order at 7–24. Accordingly, both prongs of the second or successive petition test have been satisfied.

Consequently, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the Petitioner should be permitted to file a second or successive habeas petition in the district court.

## VI.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Clerk transfer this Petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether Petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

DATED:    September 12, 2023
          Albany, New York

*[signature]*
LAWRENCE E. KAHN
United States District Judge